**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN CAJILEMA CAJILEMA,

Petitioner,

v. No. 1:26-cv-02948-KG-SCY

MARKWAYNE MULLIN, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Juan Cajilema Cajilema's *pro se* Petition for Writ of Habeas Corpus. Doc. 1, the Government's Response, Doc. 8, and Petitioner's Motion for Custody Release, Doc. 9. Because Petitioner has received a bond hearing under § 1226(a), the Court denies the petition.

Petitioner is a native and citizen of Ecuador. Doc. 1 at 3. He entered the United States in March 2005 by walking across the United States/Mexico border near Arizona. *Id.* at 6. Immigration and Customs Enforcement officers arrested Petitioner on June 28, 2026, pursuant to a Warrant of Arrest, form I-200. Doc. 8 at 1. On September 11, 2026, an immigration judge denied bond because: "Flight Risk – Speculative form of relief, manner of entry into the country." Doc. 8-2 at 1. Petitioner remains detained at the Cibola County Correctional Center in Milan, New Mexico. Doc. 1 at 1. Petitioner seeks review of the immigration judge's bond decision, arguing that he "is neither a flight risk nor is he a menace to society." Doc. 9 at 3.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner, arrested in the interior of the country, is detained under § 1226. Doc. 8 at 1. Section 1226(a) "authorizes the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Noncitizens detained under § 1226(a) are entitled to bond hearings "at the outset of detention." *Id.* at 306. Here, Petitioner received a bond hearing, and an immigration judge denied Petitioner bond. Doc. 1-1 at 14. Nothing in the record suggests that the bond hearing did not comport with due process.

To the extent Petitioner contests the immigration judge's bond determination, the Court lacks the authority to consider Petitioner's claims. Doc. 1 at 6–7; Doc. 9 at 3. In habeas proceedings, district courts lack jurisdiction to review an immigration judge's decision to deny bond. § 1226(e); *see also Demore v. Kim*, 538 U.S. 510, 516 (2003) (noting that § 1226(e) precludes review of the Attorney General's "discretionary judgment" or "decision" regarding detention or release but permits constitutional challenges to detention). Petitioner may seek review of the immigration judge's bond decision by pursuing an appeal to the Board of Immigration Appeals or by filing a request for a bond redetermination with the appropriate authorities. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also* 8 CFR § 236.1(d)(1), (3).

Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, is denied. Petitioner's Motion for Custody Release, Doc. 9, is denied. The Court dismisses the petition without prejudice. Petitioner may file a subsequent petition should the facts of his detention change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.